UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YERFERSON ALEXANDER PINTO AVENDANO,

Petitioner,

v.

Case No. 2:26-cv-2914-KCD-NPM

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.

_______________________________/

# ORDER

Petitioner Yerferson Alexander Pinto Avendano has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He was paroled into the United States in January 2025, but his parole has since terminated. (Doc. 5-1 at 12.) Then, on September 24, 2026, ICE took him into custody. He has been there ever since because the Government claims he is subject to mandatory, no-bond detention under 8 U.S.C. § 1225(b)(2)(A) as an arriving alien whose parole was previously terminated. (Doc. 5.) Unwilling to wait behind bars indefinitely, Avendano filed this petition for a writ of habeas corpus, claiming

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

that the Attorney General is holding him in violation of the Immigration and Nationality Act and the Fifth Amendment and Fourth Amendments. (Doc. 1.)

Based on recent Eleventh Circuit precedent, this Court has concluded that aliens who are stopped at the border and released into the country, like Avendano, fall under 8 U.S.C. § 1226 and are entitled to a bond hearing. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026); *see Jean v. Ripa*, No. 2:26-cv-1390-KCD-NPM, 2026 WL 1429343, at *3 (M.D. Fla. May 21, 2026). And though Avendano's parole has expired, the same reasoning applies. *See Mendes v. Ripa*, No. 3:26-cv-118-JEP-PDB, 2026 WL 1396160, at *1 (M.D. Fla. May 19, 2026). Avendano is thus entitled to a bond hearing under § 1226.

Avendano seems to request his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Avendano is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Avendano with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Avendano also seeks relief under the Fifth Amendment, or any other theory, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Avendano with a bond hearing as ordered or he remains in custody, he can renew these other claims in a subsequent suit. The Court will not consider Avendano's Fourth Amendment claim regarding his warrantless arrest. (Doc. 1 at 7.) *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016); *Palma v. Powell*, No. 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026); *Zaga Tawil v. Cardinal*, No. 26-CV-22521, 2026 WL 2198539, at *9 (S.D. Fla. July 30, 2026).

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. Within ten days of this order, the Government shall either bring Avendano for an individualized bond hearing before an immigration judge or release him under reasonable conditions of supervision. To satisfy this order, the hearing must include—

and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026); *Tejada v. Powell*, No. 7:26-CV-01111-MHH-NAD, 2026 WL 2240991 (N.D. Ala. July 29, 2026). The habeas petition is otherwise denied. The Clerk is directed to deny all pending motions and close this case.

**ORDERED** in Fort Myers, Florida on November 18, 2026.

Kyle C. Dudek
United States District Judge